In re HENDERSON RANCHES, Debtor.

Bankruptcy No. 87–00367F.

United States Bankruptcy Court,
D. Idaho.

July 1, 1987.

Marc Tanner, Boise, Idaho, for debtor.

Jim D. Pappas, Green, Service, Gasser & Kerl, Pocatello, Idaho, for Federal Land Bank.

Larry E. Prince, Holland & Hart, Langroise, Sullivan, Boise, for Idaho First Nat. Bank.

## MEMORANDUM DECISION

ALFRED C. HAGAN, Bankruptcy Judge.

Henderson Ranches, a partnership, has filed for relief under Chapter 12 of the Bankruptcy Code in this Court. The partnership debts may exceed $1,500,000.00, an eligibility requirement imposed by 11 U.S.C. § 101(17)(B)(ii), but the Debtor claims the "one dwelling for residential purposes" exclusion of § 101(17)(B)(ii) places the partnership debt below the $1,500,000.00 maximum debt limitation. At the hearing, the Debtor acknowledged its total "aggregate debt" may exceed $1,500,-000.00, but asserts if the debt owed on the residence is subtracted from or not included in the partnership total debt, then the partnership debt does not exceed $1,500,-000.00.

Creditors, Federal Land Bank and Idaho First National Bank contest the Debtor's ability to use the "single residential dwelling" exclusion in this instance and request a finding of ineligibility on the part of the Debtor to continue in Chapter 12. The parties agree the eligibility issue must be determined before further proceedings in the case. Pending before the Court are issues of confirmation of a plan which Debtor acknowledges is not capable of confirmation without amendment, and stay relief issues, the latter consisting of a motion for stay relief by Federal Land Bank.

11 U.S.C. § 101(17)(B) provides in pertinent part:

"Family Farmer" means—.. partnership in which more than 50% of the outstanding stock or equity is held by one family ... and such family or such relatives conduct the family operation, and
...
(ii) its aggregate debts do not exceed $1,500,000.00 and not less than 80% of its aggregate noncontingent, liquidated debts excluding a debt for one dwelling which is owned by such corporation or partnership in which a shareholder or partner maintains as a principal residence, unless such debt arises out of a family operation, on the date the case is filed, arise out of the farming operation owned or operated by such ... partnership;"

A review of Debtor's schedules together with evidence presented at the hearing would indicate Debtor's "aggregate" debt on the date of the filing of the petition, is $1,505,130.00 including $640,880.00 owing to Federal Land Bank $846,750.00 to Idaho First National Bank, $1,500.00 to New Holland of Ontario and $16,000.00 to Olive Addington for the house, in Council, Idaho. This house is owned by the partnership and a partner maintains it as his principal residence. Hence, Debtor's eligibility for Chapter 12 relief must be determined on the interpretation given to § 101(17)(B) concerning the debt owed on the home.

I conclude the single residence dwelling exception is applicable only to the 80% farm debt requirement and is not applicable to the $1,500,000.00 total debt limitation. The manner in which § 101(17)(B) is drafted leads me to this conclusion. Each paragraph of § 101(17)(B) contain a series of separate eligibility requirements, each connected with the other by the conjunction "and", as opposed to a separate paragraph classification. Further, to allow an "in town" homestead exemption to a farmer who hopes to qualify as a "family farmer" through the amount of farm debt required, is logical. On the other hand, there would be little reason in allowing a non-farm debt deduction to the total "aggregate" debt requirements of $1,500,000.00 merely because the debtor owns a house off the farm premises.

I thus conclude the Debtor has exceeded the $1,500,000.00 aggregate debt limitation of § 101(17)(B)(ii). Although there is no motion to dismiss this case, I conclude dismissal under 11 U.S.C. § 105(a)[1] is appropriate upon a finding of ineligibility to be a

---

1. 11 U.S.C. 105(a) "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Chapter 12 debtor. Otherwise the Debtor might also be precluded from use of Chapter 11, considering the provisions of 11 U.S.C. § 109(g)(2) and 11 U.S.C. § 1208.