**In the Matter of BALDWIN FARMS, Debtor.**

**Bankruptcy No. B87–00858–Y.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 14, 1987.

James H. Beck, Canfield, Ohio, for debtor/debtor-in-possession Baldwin Farms.

Alan R. Lepene, Thompson, Hine & Flory, Cleveland, Ohio, for Soc. Bank of Eastern Ohio, N.A.

Michael V. Demczyk, Canton, Ohio, Trustee.

Kenneth Nordstrom, Ashland, Ohio, for Federal Land Bank.

**MEMORANDUM OPINION**

WILLIAM T. BODOH, Bankruptcy Judge.

BALDWIN FARMS (hereinafter "Debtor"), a partnership, filed its Petition with this Court under Chapter 12 of The United States Bankruptcy Code on July 10, 1987. On July 31, 1987, SOCIETY BANK OF EASTERN OHIO, N.A., (hereinafter "SOCIETY") requested dismissal of Debtor's Chapter 12 Petition on the grounds that the Debtor failed to qualify as a "family farmer," as defined in 11 U.S.C. Sec. 101(17), thus making the Debtor ineligible for relief under Chapter 12. (*See* 11 U.S.C. Sec. 109(f)). On August 19, 1987, Debtor requested permission of the Court to assume an unexpired lease with BERNONS & ACKERMANS for the lease of unimproved farmland. A hearing was held on September 9, 1987, at which time both SOCIETY and the Debtor appeared with counsel to argue their respective positions.

A "family farmer" is defined in 11 U.S.C. Sec. 101(17), which defines in part that a "family farmer" is:

(B) corporation or partnership in which more than 50 percent of the outstanding

stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the farming operation, and

(i) more than 80 percent of the value of its assets consists of assets related to the farming operation;

(ii) its aggregate debts do not exceed $1,500,000.00 and not less than 80 percent of its aggregate non-contingent, liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership; and

(iii) if such corporation issues stock, such stock is not publicly traded.

In the Debtor's "Supplement to Statement of Affairs for a Debtor Engaged in Business," the Debtor admitted its aggregate debts amounted to One Million, Five Hundred Sixty-Five Thousand, Two Hundred Twelve & 00/100 Dollars ($1,565,212.00). However, the Debtor claims that the "principal residence" exclusion in Sec. 101(17)(B)(ii) places his aggregate debts within the One Million, Five Hundred Thousand & 00/100 Dollar ($1,500,000.00) statutory requirement because the partnership owes One Hundred Fifty Thousand & 00/100 Dollars ($150,000.00) on a house in Kingsville, Ohio, which two partners use as their principal residence. Therefore, the sole issue in dispute revolves around whether the principal residence exclusion applies to the One Million, Five Hundred Thousand & 00/100 Dollar ($1,500,000.00) aggregate debt limit.

The provision in 11 U.S.C. Sec. 101(17)(B)(ii) was added to the Bankruptcy Code by the Bankruptcy Judges, United States Trustees, and Family Farmer Act of 1986. There is no legislative history concerning the intent of this phrase. However, the Court believes the meaning and application of the phrase is clear. Subsection (B) of Sec. 101(17) lists six (6) eligibility requirements for a corporation or partnership to qualify as a family farmer. Clearly, two requirements are contained in (ii) under Subsection (B) connected by the word "and." The aggregate debt requirement is worded absolutely without qualification followed by the 80 percent (80%) farm debt provision. Statutory drafters would not seek to modify both requirements by placing a parenthetical phrase in the middle of the second requirement. We should be mindful of what the court wrote in *In re Shepherd,* 75 B.R. 501 (Bankr.N.D. Oh.1987):

> Recently, statutory construction of Chapter 12 has been an active area of the law.... It appears that the majority view holds that unless there is ambiguity, statutory construction and legislative history should not be used to alter the clear requirements of the statute.

*Id.* at 502.

In *In re Henderson Ranches,* 75 B.R. 225 (Bankr.D.Idaho 1987), the court considered the same issue and reached the same conclusion. The court found that legislative drafting and the purpose behind the principal residence exclusion demanded that it be exclusively applied to the 80 percent farm debt requirement. *Id.* at 226. This Court concurs with the result reached in *In re Henderson Ranches.*

Accordingly, the Debtor has exceeded the One Million, Five Hundred Thousand & 00/100 Dollar ($1,500,000.00) aggregate debt limitation contained in Sec. 101(17)(B)(ii). Consequently, SOCIETY's Motion to dismiss this case is granted. Debtor's Motion to assume the unexpired lease is hereby rendered moot. Nothing in this Opinion shall be construed to prevent the Debtor from converting to or refiling under Chapter 11.

An appropriate Order shall issue.

IT IS SO ORDERED.