**In re Jack LANDS, Jr. and Dorothy Lands.**

**Bankruptcy No. JO 87–352 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

April 26, 1988.

**84**

Keith Blackman, Jonesboro, Ark., for debtors.

Ralph Waddell, Jonesboro, Ark., for Federal Land Bank.

A.L. Tenney, No. Little Rock, Ark., trustee.

## ORDER DENYING MOTION TO DISMISS CHAPTER 12 CASE

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Motion to Dismiss this Chapter 12 case filed by the Federal Land Bank. The matter came on for hearing February 9, 1988. The debtors appeared personally and by counsel, Keith Blackman, Esq. Federal Land Bank ("FLB") appeared by counsel, Ralph Waddell, Esq.

At the hearing the parties announced the following stipulations:

1. In the debtors' schedules, debtors list three debts on which debtors are not personally liable: Citizens Bank of Jonesboro ($20,000), First State Bank of Newport ($10,000) and Security Bank of Paragould ($38,000). While these debts are not personal obligations of the debtors, such debts do constitute liens against real estate which debtors claim as an asset.

2. If such non-recourse debts are included in the calculation of the debtors' debts, then debtors' total aggregate debt will exceed $1.5 million and therefore debtors are not eligible for Chapter 12 relief.

The parties advised that they would submit briefs in support of their positions; no testimony would be necessary. They asserted that the only issue before the Court is the debtors' eligibility for Chapter 12 relief.

Subsequently, in a letter received by this Court February 29, 1988 from debtors' counsel, the Court was advised that the debtors were withdrawing the agreed to stipulations because they had originally included the debt on their home, approximately $89,000.00, as part of the $1,500,-000.00 figure. Debtors contend that when they subtract such non-farm debt from the $1,500,000.00 figure, the issue raised by the FLB, as set out in the parties earlier stipulations, is rendered moot. The debtors cite 11 U.S.C. § 101(17)(A) in support of their position. FLB filed a response contending the debtors misconstrue 11 U.S.C. § 101(17)(A).

The Court set a status conference for March 17, 1988. The same parties appeared and advised the Court that two issues are before the Court based on briefs and/or letter briefs submitted by the parties. 1) Whether the debtors may subtract the debt owed on their home from the amount of their aggregate debt which would bring their total debt under $1,500,-000 and moot the issue raised by FLB originally and, if not, 2) Whether non-recourse, in rem debts are included in the calculation of aggregate debts under 11 U.S.C. § 101(17)(A) for purposes of determining debtors' eligibility for Chapter 12 under the Bankruptcy Code.

11 U.S.C. § 101(17)(A) provides as follows:

Individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed.

■ FLB contends, and this Court agrees, that the exclusion for the debt on a principal residence refers to the 80% test and not to the $1,500,000.00 aggregate debt test. The cases cited by FLB in support of its position arguably are distinguishable because they construe 11 U.S.C. § 101(17)(B)(ii), applicable to corporations and partnerships and not 11 U.S.C. § 101(17)(A).[1] The Court finds the distinction, however, insignificant for purposes of its findings herein because the relevant wording of the two sections is identical. The arguments and findings are thus persuasive that the qualifiers listed in these sections expressly apply only to that portion of the definition which relates to the source of debt. See, *In Re Baldwin Farms*, 78 B.R. 143 (Bkrptcy.N.D.Ohio 1987) and *In Re Henderson Ranches*, 75 B.R. 225 (Bkrptcy.D.Idaho 1987).

■ Having decided that exclusion of the debt on the debtors' principal residence does not refer to the $1,500,000.00 aggregate debt test the Court will address the remaining issue: Whether non-recourse, in rem debts are included in the calculation of "aggregate debts" under 11 U.S.C. § 101(17)(A) for purposes of determining debtors' eligibility for Chapter 12 under the Bankruptcy Code. The Court concludes for the following reasons that these debts should not be included.

A "debt," defined by 11 U.S.C. § 101(11), means "liability on a claim." Although "claim" is broadly defined in 11 U.S.C. § 101(4) to include contingent and unliquidated rights to payment, this Court agrees with the bankruptcy courts in Utah and Ohio that "claim" has a broader meaning than "debt" and not all claims are necessarily debts. See, *In Re Lambert*, 43 B.R. 913 (Bkrptcy.D.Utah 1984) and *In Re Carpenter*, 79 B.R. 316 (Bkrptcy.S.D.Ohio 1987) and where the court held at 320:

> A claim, arising from a creditor's demand for repayment, encompasses all obligations against a debtor which may be assertable in a bankruptcy case and thereby potentially affected by the discharge. But a claim is subject to disallowance if it is not a liability cognizable at law. That liability must be established or unchallenged before a claim becomes a debt.

Thus, although the debtors' son apparently encumbered real estate now belonging to his parents and owes money to the three creditors holding these liens, the debtors do not individually have any liability cognizable at law on the amounts owed. The key definition, in this Court's analysis, is the one overlooked in the generally thorough definitions supplied by FLB, "liability." The debtors do not supply this definition either, but merely state, they are not liable on these claims. The analysis supplied by the Ohio bankruptcy judge provides the missing link. The claim of the three lienholders is not based on an obli-

---

1. 11 U.S.C. § 101(17)(B)(ii) provides: Corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the farming operation, and its aggregate debts do not exceed $1,500,000 and not less than 80 percent of its aggregate noncontingent, liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership.

gation of the debtors which would be assertable in a bankruptcy case and thereby potentially affected by discharge. Their debts underlying the three claims, pursuant to the stipulations of the parties, are not debts owed by these debtors. Although the debtors' real estate title may be clouded, they have no "liability" on the claims, hence, no debt. Therefore inclusion in the calculation of "aggregate debt" is improper.

Based on the foregoing, the Court finds that the debtors do not have debts in excess of the $1,500,000.00 amount set by Congress for eligibility to file for relief as a family farmer under Chapter 12 of the Bankruptcy Code.

Accordingly, it is hereby

ORDERED that the Motion to Dismiss this Chapter 12 case be and hereby is denied.

IT IS SO ORDERED.