846 F.2d 1012
 19 Collier Bankr.Cas.2d 76, Bankr. L. Rep. P 72,342
In the Matter of Alois A. REINERS, et ux., Debtors.
Alois A. REINERS, and Lucille Gossen Reiners, Appellants,
v.
FEDERAL LAND BANK OF JACKSON, Appellee.
 No. 88-4034
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 June 13, 1988.
 David F. Townsend, Opelousas, La., for appellants.
 Mary L. Fullinton, Carmouche, Gray & Hoffman, Lake Charles, La., for appellee.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before GEE, GARWOOD, and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from the dismissal of a Chapter 12 bankruptcy petition because the debtors' statement and schedule of affairs on its face listed aggregate debts exceeding $1,500,000.00. We find that the meaning of the statute is plain, there was no fact issue for the lower courts to resolve, and we affirm.
 
 
 2
 Chapter 12 of the Bankruptcy Code, 11 U.S.C. Sec. 101, at 1201, et seq., was enacted to provide a particular form of reorganization for those classified by the statute as family farmers. A "family farmer" is defined in 11 U.S.C. Sec. 101(17) as follows:
 
 
 3
 "(A) Individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000.00 and not less than 80% of whose aggregate non-contingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50% of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed;" (emphasis added).
 
 
 4
 This language, although not a model of clarity, seems to establish three prerequisites for obtaining relief as a family farmer: (1) aggregate debts may not exceed $1,500,000.00; (2) 80% of the aggregate non-contingent liquidated debts (excluding a debt for the principal residence unless "such debt arises out of a farming operation") arise out of a farming operation; and (3) more than 50% of gross income for the year preceding the filing is received from a farming operation. The Reiners contend, however, that the parenthetical language excluding debt for a principal residence applies to the $1.5 million aggregate limitation as well as to the 80% farm-related debt criterion. We disagree. Had Congress intended the parenthetical exclusion of the debt for a principal residence to modify the $1.5 million limitation on aggregate debt, the legislators would have placed that parenthetical after the first reference to "aggregate debts" in the statutory provision. Congress did not do so. Moreover, the parenthetical appears as part of a series of phrases modifying the 80% farm-related debt criterion as follows: debts making up at least 80% of the $1.5 million aggregate debt must be (1) noncontingent; (2) liquidated; (3) must qualify by the parenthetical exclusion of debt for a principal residence; (4) must be in existence on the date the case is filed; and (5) must arise out of a farming operation of the debtor or debtor and spouse. We cannot wrench the parenthetical out of this series without at the same time having to revise the meaning of the entire preceding portion of the sentence. Finally, this subsection separates itself neatly and with grammatical correctness into its three parts by means of two conjunctive "and" 's under-lined in the statutory language. This symmetry would be destroyed if the parenthetical phrase were brought into the $1.5 million aggregate debt limit.
 
 
 5
 The parties have cited no legislative history, and we have found none, indicating that Congress intended to define an individual family farmer in a way different than the ordinary language of the statute suggests. Our conclusion is the same as that reached in regard to identical language defining a "corporate" family farmer in In re Henderson Ranches, 75 B.R. 225 (Bkrtcy D.Ida.1987).
 
 
 6
 Because it is undisputed that the aggregate debt reflected on the face of the Reiners' petition was greater than $1.5 million, they do not qualify for relief as "family farmers" and
 
 
 7
 The judgment of the district court must be AFFIRMED.