United States Court of Appeals,

Fifth Circuit.

No. 92-9025

Summary Calendar.

In the Matter of LINDSEY, STEPHENSON & LINDSEY, Debtor.

LINDSEY, STEPHENSON & LINDSEY, d/b/a Great Plains Land & Cattle, Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.

July 21, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

Lindsey, Stephenson & Lindsey (Lindsey), a partnership, filed a petition in bankruptcy court seeking protection under Chapter 12 of the Bankruptcy Code as a family farmer. Contending that Lindsey did not meet Chapter 12's eligibility requirements, the Federal Deposit Insurance Corporation (FDIC) moved for relief from the automatic stay against property of the estate and for dismissal of the case. The bankruptcy court granted FDIC's motions. Lindsey appealed to the district court, which affirmed. Lindsey now appeals the district court's judgment to this court. We affirm.

## I. Factual and Procedural Background

Since 1982 Lindsey has been a family partnership whose principal business consists of grain farming and leasing. On September 16, 1985, Lindsey's partners executed a nonrecourse note to Panhandle Bank & Trust Company for the principal amount of $1,069,612.17. As with any nonrecourse obligation, the note limited possible remedies:

> The undersigned shall not be personally liable for the payment ... it being understood that the payee shall look only to the collateral as and to the extent provided by those certain Deeds of Trust and Security Agreements entered into by the undersigned and PANHANDLE BANK & TRUST COMPANY....

The collateral on the note included partnership property located in Hutchinson, Randall and Deaf Smith Counties, Texas. When Panhandle failed in December, 1986, FDIC was appointed as its

receiver and subsequently purchased the note in its corporate capacity.

In February, 1988, Lindsey made its last payment on the note. FDIC commenced a judicial foreclosure action in September, 1990. Three months later Lindsey filed for Chapter 12 protection. Its creditors at the time included only FDIC and taxing entities. This appeal focuses entirely on Lindsey's obligation to FDIC.

In bankruptcy court, FDIC contended that Lindsey does not qualify for Chapter 12 protection. Under 11 U.S.C. § 101(18)(B)(ii), in order to qualify for Chapter 12 protection, a partnership must have no more than $1,500,000 of aggregate debt. Moreover, at least eighty percent of the debt must arise from farming operations. 11 U.S.C. § 101(18)(B)(ii). At trial the parties stipulated that the remaining balance on the FDIC note exceeded $1,500,000. The parties also stipulated that more than twenty percent of the balance due on the note arose from nonfarming operations. The proceedings then focused on whether a nonrecourse note should be included in the calculation of aggregate debt.[1] The bankruptcy court held that Lindsey's total debt did include the FDIC note and accordingly granted relief from the stay and dismissed the case. Lindsey appealed to the district court, which affirmed. Lindsey now appeals the district court's decision to this court.

## II. Discussion

Lindsey contends that principles of statutory interpretation compel the conclusion that nonrecourse obligations should be excluded from the calculation of the aggregate debt of parties seeking Chapter 12 protection. The argument hinges on the Bankruptcy Code's definition of "debt" as "liability on a claim." 11 U.S.C. § 101(12). Because the FDIC note stipulates no "personal liability," Lindsey argues that there is no "liability on [the] claim" and therefore no "debt." If the FDIC note does not qualify as "debt" under the Bankruptcy Code, then it should not be calculated in Lindsey's aggregate debt. Lindsey would then qualify for Chapter 12 protection, as long as at least

---

[1]FDIC also argued that more than twenty percent of Lindsey's obligations beyond the note in question arose from non-farming operations. Because both the bankruptcy court and the district court held that Lindsey's aggregate debt included the FDIC note, neither addressed the issue of whether the remaining debt (taxes amounting to substantially less than $1,500,000) derived from non-farming operations. In view of our discussion here, we too find no need for further examination of the issue.

eighty percent of its remaining debt arose from farming operations.

This appeal raises a question of law. The parties have stipulated the amount of the note and the percentage arising from farm operations. We must determine only the legal issue of whether nonrecourse notes qualify as "debt" under the Bankruptcy Code. We accordingly review the case *de novo. In re Missionary Baptist Foundation of America,* 712 F.2d 206, 209 (5th Cir.1983).

## A. The FDIC note as a "claim" under the Bankruptcy Code

It is undeniable, as Lindsey "readily agrees," that the FDIC note constitutes a "claim" for the purposes of the Bankruptcy Code. Under the Code, "claim" means:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5). Nonrecourse notes clearly fall within this definition. At the very least, a creditor's right to act against collateral is a "right to an equitable remedy" for a debtor's breach of obligation. Moreover, the Bankruptcy Code explicitly incorporates nonrecourse loans as "claims." It provides that a "claim against the debtor" includes a "claim against property of the debtor." 11 U.S.C. § 102(2). The legislative history of the Code emphasizes that bankruptcy claims include nonrecourse loans:

> This paragraph [§ 102(2) ] is intended to cover nonrecourse loan agreements where the creditor's only rights are against property of the debtor, and not against the debtor personally. Thus, such an agreement would give rise to a claim that would be treated as a claim against the debtor personally, for the purposes of the bankruptcy code.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 315-16 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 27-28 (1978). As established by the above language, the FDIC note patently constitutes a "claim" under the Code.

Recent Supreme Court decisions support the interpretation of nonrecourse loans as "claims." In *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990), the Court concluded that Congress intended to adopt the broadest possible definition of

the term "claim." *Id.* at 558, 110 S.Ct. at 2130. More specifically, the Court has held that a mortgage interest, *as a kind of nonrecourse loan,* constitutes a "claim" for bankruptcy purposes. *Johnson v. Home State Bank,* --- U.S. ----, ----, 111 S.Ct. 2150, 2155, 115 L.Ed.2d 66 (1991) (emphasis added). We therefore conclude that the FDIC nonrecourse note undeniably qualifies as a "claim" under the Bankruptcy Code.

## B. The FDIC note as a "debt" under the Bankruptcy Code

Lindsey argues that although the FDIC note is a "claim," it is not a "debt," as "claim" and "debt" are distinguishable under the Bankruptcy Code. To support its assertion, Lindsey first points to the Code's definition of "debt" as "liability on a claim." 11 U.S.C. § 101(12). It then contends that because nonrecourse claims stipulate no personal liability, they do not qualify as "debt." To support its conclusion, Lindsey relies heavily on *In re Lands,* 85 B.R. 83 (Bankr.E.D.Ark.1988), in which the court excluded from its calculation of aggregate debt a nonrecourse note which the parties seeking Chapter 12 relief had not themselves executed, but which nonetheless encumbered their land.

We disagree with the argument that, by definition, nonrecourse notes do not constitute "debt." The *Lands* case is not apposite for two reasons. First, the parties there were not the makers of the nonrecourse note. In this case, by contrast, Lindsey executed the FDIC note. Moreover, *Lands* predates two Supreme Court decisions which interpret "claim" and "debt" as coextensive. The Supreme Court has determined that under the plain language doctrine, there is no distinction between "debt" and "claim" for the purpose of the Bankruptcy Code:

> Our construction of the term "debt" is guided by the fundamental canon that statutory interpretation begins with the language of the statute itself.... [T]he Bankruptcy Code defines "debt" as a "liability on a claim." This definition reveals Congress' intent that the meanings of "debt" and "claim" be coextensive.

*Davenport,* 495 U.S. at 557-58, 110 S.Ct. at 2130 (citation omitted); *see also Johnson,* --- U.S. at ---- n. 5, 111 S.Ct. at 2154 n. 5.

The legislative history of the Code further weakens Lindsey's contention that "debt" and "claim" are distinguishable: "The terms "debt' and "claim' are coextensive: a creditor has a "claim' against the debtor; the debtor owes a "debt' to the creditor." H.R.Rep. No. 595, 95th Cong., 1st Sess. 310 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 23 (1978). Because FDIC undeniably has

a "claim" against Lindsey, as established above, the FDIC note constitutes part of Lindsey's "debt." We agree with both the bankruptcy court and the district court that the note should be included in Lindsey's aggregate debt.

Lindsey attempts to distinguish *Davenport* and *Johnson* on the grounds that neither specifically applies to Chapter 12 eligibility. However, the Code defines "claim" and "debt" for the purposes of the entire title, not individual sections. Chapter 12 itself does not redefine either term for the sake of its eligibility requirements. We accordingly reject Lindsey's argument. Moreover, even if it appeared that in some circumstances "claim" could have a broader meaning than "debt" for the purposes of the Bankruptcy Code, we would not base the distinction purely on recourse/nonrecourse grounds. The Code defines "debt" as "liability on a claim," not "*personal* " liability on a claim. 11 U.S.C. § 101(12). "Personal liability" is a subcategory of "liability." Although a nonrecourse note stipulates no personal liability, it *does* impose a legal obligation. If the maker of the note fails to meet that obligation, the note holder has a remedy in the form of action against the collateral specified for the loan. Despite the fact that the remedy is limited, assuming the note is valid, it is legally enforceable. Even under this more liberal reading of Lindsey's arguments, then, we conclude that the FDIC note composes part of the partnership's aggregate debt and disqualifies it from Chapter 12 relief.

### III. Conclusion

For the foregoing reasons we AFFIRM the judgment of the district court.